**Supreme Court**
No. 2023-278-Appeal.

|  |  |
|---|---|
| Mary Seguin | : |
| v. | : |
| Rhode Island Department of Human Services, Office of Child Support Services, et al. | : |

# O R D E R

The self-represented plaintiff, Mary Seguin (plaintiff or Seguin), appeals from a Superior Court order that granted a motion to dismiss pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure in favor of the defendants, Rhode Island Department of Human Services Office of Child Support Services (DHS) and multiple employees of that agency. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.[1] For the reasons set forth herein, we conclude that cause has not been shown and we proceed to decide the appeal at this time. We affirm.

---

[1] Because the plaintiff elected not to appear for oral argument, this case was decided on the basis of the parties' filings.

The plaintiff initiated this action in the Superior Court, on December 30, 2022, seeking a declaratory judgment and other relief pursuant to G.L. 1956 chapter 2 of title 38, the Rhode Island Access to Public Records Act (APRA).[2] Seguin sought "the production of any and all records concerning the accounting calculation, enforcement, determination, decisions for all actions taken, and investigation of child support arrearages by Rhode Island Department of Human Services Office of the Child Support Services and Enforcement Agency" related to a child-support case that was pending against her in the Family Court.[3]

On January 12, 2023, the parties appeared remotely before a justice of the Superior Court. Attorney Michael Coleman (Attorney Coleman) appeared as deputy counsel for DHS and argued that Seguin failed to properly effectuate service on several individual defendants. He further advised that although Seguin had filed her APRA claim in Superior Court, "[t]here [was] a matter pending in the Rhode Island Family Court with regard to child support." Attorney Coleman further submitted at the outset of the proceeding that, pursuant to G.L. 1956 § 8-10-3, the Family Court has jurisdiction regarding child-support issues, arrearages, and interest, and

[2] The plaintiff has inundated this Court with numerous motions and requests since the filing of this case such that we have directed the Clerk's Office to refuse any further filings until plaintiff "ha[d] filed her supplemental Rule 12A statement" or "the time in which she [could have] file[d] a supplemental Rule 12A statement [had] concluded."

[3] *See* Family Court Case No. K 01-521M, *Gero Meyersiek v. Mary Seguin*.

therefore, the matter was not properly before the Superior Court. The trial justice ultimately concluded that the Family Court was the appropriate forum for the issues presented in plaintiff's complaint and "den[ied] the motion that [Seguin] submitted under the Access to Public Records Act."

The DHS thereafter filed a proposed order denying relief, to which Seguin objected. The record reveals that the proposed order was never entered or signed by the trial justice. Seguin also filed a motion to proceed via Webex. Approximately eight days after the January 12, 2023 proceeding, Seguin filed an amended complaint in Superior Court, which sought virtually the same relief as her original complaint, including her APRA request.

Thereafter, DHS filed a motion to dismiss pursuant to Rule 12(b)(1), which came before the Superior Court on February 7, 2023. The DHS contended that because the case concerned child-support matters that were more appropriate for the Family Court, the case should be dismissed. Attorney Coleman asserted that under APRA, plaintiff was not entitled to the requested information because it would constitute a collateral attack on the parallel proceedings in the Family Court. Moreover, Attorney Coleman submitted that pursuant to G.L. 1956 § 15-22-4, records concerning personal data that are collected by representatives of child-support services are not public records and only "employees of the Office of Child Support and * * * their contractors in the performance of their official duties"

- 3 -

are privy to that information.[4]  Therefore, Attorney Coleman maintained that "[t]he Department of Child Support has provided [Seguin] with records related to herself, which she is entitled [to obtain], but not records [relating] to anyone else, which are not public records and cannot be made available under Rhode Island laws."

In further support of his argument, Attorney Coleman cited *Hydron Laboratories, Inc. v. Department of Attorney General*, 492 A.2d 135 (R.I. 1985), and argued that based on this Court's holding in *Hydron Laboratories, Inc.*, litigants were prohibited from using APRA as a tool to aid in discovery, related to a then-pending case, and that such use would wrongfully interfere with litigation— which, DHS submits, plaintiff has attempted to accomplish with respect to the child-support case in Family Court. *See Hydron Laboratories, Inc.*, 492 A.2d at 139 ("APRA was not designed to provide an alternative method of discovery for litigants.").

After considering the parties' arguments and memoranda, the trial justice denied plaintiff's motion to proceed via Webex.  Additionally, the trial justice dismissed the case pursuant to Rule 12(b)(1) declaring that plaintiff's case was "a matter that should be decided in Family Court."

---

[4] *See* G.L. 1956 § 15-22-4, "Personal data—Purposes for which disclosure permitted—Safeguards—Exceptions—Unauthorized inspection or disclosure—Penalties."

On February 8, 2023, the DHS filed a proposed order dismissing plaintiff's amended complaint for declaratory relief under Rule 12(b)(1) for lack of subject-matter jurisdiction. The plaintiff objected to the proposed order. Seguin also filed two additional motions—a motion for sanctions and a motion for entry of judgment on the pleadings. The trial justice denied plaintiff's motion for sanctions at a subsequent hearing. With respect to the proposed order dismissing plaintiff's amended complaint, the trial justice noted that the order "ha[d] not been entered yet because [plaintiff] filed an objection." Nonetheless, the parties eventually reached a consensus as to the appropriate language, and accordingly, the order entered dismissing plaintiff's amended complaint.[5] Thereafter, plaintiff filed a notice of appeal.

"Generally, APRA was intended to open up various state government documents to inspection by private citizens and news-gathering entities in order to enhance the free flow of information." *Hydron Laboratories, Inc.*, 492 A.2d at 137. Specifically, § 38-2-1 states that "[t]he public's right to access to public records and the individual's right to dignity and privacy are both recognized to be principles of the utmost importance in a free society." Moreover, § 38-2-3 of APRA provides that "all records maintained or kept on file by any public body, whether or not those

---

[5] Pursuant to the order entered subsequent to the February 8, 2023 proceeding, the order states: "1. Defendant's Rule 12(b)(1) Motion [t]o Dismiss is granted as the Superior Court lacks jurisdiction."

records are required by any law or by any rule or regulation, shall be public records and every person or entity shall have the right to inspect and/or copy those records at such reasonable time as may be determined by the custodian thereof." Section 38-2-3(a); *see Hydron Laboratories, Inc.*, 492 A.2d at 137.

Section 38-2-2(4) of APRA, as amended, however, identifies numerous categories of documents that are exempted from APRA disclosures. Section 38-2-2(4). The purpose of these exemptions is to "protect the privacy of individuals from unwarranted invasions * * * and to avoid the disclosure of confidential or potentially harmful information." *Hydron Laboratories, Inc.*, 492 A.2d at 137. Although there are exceptions for the nondisclosure of certain publicly held documents, some of which may be applicable to plaintiff's request, the issue before this Court is whether the trial justice properly dismissed plaintiff's APRA complaint—which sought the disclosure of records related to a child-support action in Family Court.

The plaintiff does not refute that she is a defendant in an ongoing child-support case; nor does she contest that the issues presented in her APRA claim, here, pertain to that child-support case. The documents requested by plaintiff are substantively related to the child-support case in the Family Court, and likely exempted from disclosure pursuant to G.L. 1956 chapter 22 of title 15, "Exchange of Information in Support of Child Support Collection."

The trial justice determined that the Superior Court did not have the appropriate authority with respect to plaintiff's APRA request and accordingly, dismissed the action in accordance with Rule 12(b)(1).  This was incorrect.

Clearly, the Superior Court was vested with the requisite subject-matter jurisdiction to hear and address civil actions brought under APRA. Section 38-2-9. However, plaintiff was not entitled to the records sought in her APRA complaint, nor is she entitled to utilize APRA as a ploy to aid discovery within the then-pending Family Court enforcement action to which she is a party. *Hydron Laboratories, Inc.*, 492 A.2d at 139; § 38-2-2(4)(E).

Based on our holding in *Hydron Laboratories, Inc.*—where we declared that although APRA was created in order to enhance the free flow of government documents to private citizens and news-gathering entities—there are some records that "shall not be deemed public" and are not available as a substitute for discovery in another case. *Hydron Laboratories, Inc.*, 492 A.2d at 137; § 38-2-2(4).  This Court made clear in *Hydron Laboratories, Inc.* that "APRA was not designed to provide an alternative method of discovery for litigants." *Hydron Laboratories, Inc.*, 492 A.2d at 139.  "The Superior Court Rules of Civil Procedure provide for litigation discovery and place appropriate limitations on the scope of that discovery." *Id.*  We have also emphasized, "[i]t was never the Legislature's intent

to give litigants a greater right of access to documents through APRA than those very same litigants would have under the rules of civil procedure." *Id.*

Accordingly, we affirm the dismissal of the plaintiff's complaint. The papers in this case may be remanded to the Superior Court.

Entered as an Order of this Court this 12th day of ___June___, 2025.

By Order,

/s/ Meredith A. Benoit, Clerk
—————————————————

Clerk

Chief Justice Suttell and Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Mary Seguin v. Rhode Island Department of Human Services, Office of Child Support Services, et al. | |
| **Case Number** | No. 2023-278-Appeal. (PC 22-7215) | |
| **Date Order Filed** | June 12, 2025 | |
| **Justices** | Goldberg, Robinson, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Mary Seguin, *pro se* | |
| | For Defendants:<br><br>Michael D. Coleman, Esq. | |